DECISION
{¶ 1} This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas; upon a brief filed by counsel for defendant-appellant, Robert P. Morris, on September 12, 2006; a pro se supplemental brief filed by appellant on June 27, 2006; a reply brief to appellant's supplemental brief filed by counsel for plaintiff- *Page 2 
appellee, state of Ohio, on January 18, 2007; and a pro se reply to appellee's brief filed by appellant on February 15, 2007. Oral argument has been waived.
 {¶ 2} Counsel for appellant filed a brief with this court pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal,"Anders at 744, 87 S.Ct. at 1400; and (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights. Counsel for appellant also filed a motion requesting permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous, and has certified that a copy of both the brief and motion to withdraw have been served upon appellant.
 {¶ 3} Appellant filed a pro se brief raising assignments of error pertaining to ineffective assistance of counsel and sentencing errors.
 {¶ 4} We have examined the record, the potential assignments of error and counsel's brief, and the assignments of error in appellant's pro se brief. We find no error in the proceedings except as set forth below.
 {¶ 5} Appellant was sentenced on February 8, 2006 for complicity to attempted murder, complicity to felonious assault, three counts of aggravated robbery, complicity to aggravated robbery, two counts of grand theft, complicity to failure to comply, possession of a dangerous ordnance, and grand theft. The trial court sentenced appellant to nonminimum sentences and to consecutive sentences on some of the counts.
 {¶ 6} On February 27, 2006, the Supreme Court decided State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court found that by imposing *Page 3 
maximum, nonminimum or consecutive sentences pursuant to Ohio sentencing guidelines, the trial court engaged in fact-finding found unconstitutional in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. The Supreme Court held that cases where sentencing was based upon unconstitutional fact-finding "[m]ust be remanded to trial court for new sentencing hearings not inconsistent with this opinion."Foster at ¶ 103, 104.
 {¶ 7} In his supplemental brief, appellant alleges that the trial court erred by imposing consecutive sentences, and by imposing nonminimum sentences. Pursuant to Foster, this case must be remanded to the trial court for resentencing.
 {¶ 8} Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and the decision of the trial court is hereby reversed as to sentencing only and remanded for resentencing pursuant to Foster.
 WALSH and POWELL, JJ., concur. *Page 1